IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-02034-MSK-KLM

MARILYN BAKER,

    Plaintiff,

v.

BAXA CORPORATION, and
JOHN DOES 1-3, and Additional Employees or Former Employees of Baxa Corporation,

    Defendants.

_____

## OPINION AND ORDER GRANTING MOTION TO DISMISS
_____

**THIS MATTER** comes before the Court pursuant to Defendant Baxa Corporation's ("Baxa") Motion to Dismiss **(# 17)**, Ms. Baker's response **(# 18)**, and Baxa's reply **(# 20)**.

According to the Complaint **(# 1)**, Ms. Baker was previously employed by Baxa. She contends that, since 2004, her supervisors engaged in pervasive sexual harassment, including subjecting her to repeated physical and verbal conduct of a sexual nature. She asserts seven claims for relief: (i) hostile environment sexual harassment, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*; (ii) a claim for "respondeat superior," contending that the supervisors were engaging in such conduct "at work and on company time," and thus, that Baxa is liable for the actions of these employees; (iii) common-law outrageous conduct; (iv) common-law assault, asserted generically against "the Defendants"; (v) common-law negligent supervision; (vi) common-law negligent retention; and (vii) a claim for "constructive discharge,"

in that her "involuntary resignation resulted from the intolerable working conditions."

Baxa moves (# 17) to dismiss Ms. Baker's second and seventh claims for relief, sounding in "respondeat superior" and "constructive discharge," arguing that these are not stand alone claims, but rather, theories of liability.

The Court will forego a discussion of the standard of review on Fed. R. Civ. P. 12(b)(6) motions, as the issue presented here is a relatively simple question of law: whether the two challenged "claims" are stand alone claims for relief or simply alternate theories of legal liability. The Court agrees with Baxa that both "claims" simply describe theories of liability, rather than "claims" for which independent relief can be granted.

The doctrine of *respondeat superior* is not a substantive claim for which relief can be afforded; it is a legal theory by which a party who has not committed a substantive legal wrong can be held legally liable for a legal wrong committed by another. *Perkins v. Regional Transp. Dist.,* 907 P.2d 672, 674 (Colo. App. 1995). Put differently, Ms. Baker must establish all of the elements of one of her other substantive tort claims before she can contend that Baxa would be liable for her injury in under *respondeat superior*; Ms. Baker's ability to prove the elements of *respondeat superior,* alone, would not entitle her to any relief. Thus, *respondeat superior* is a theory of transferred liability, not a stand alone "claim" for relief that can be asserted.

This is not to say that Ms. Baker's *respondeat superior* allegations do not belong in the Complaint,[1] but simply that they are not properly styled as a discrete "claim" for relief.

---

[1] That being said, the Court has some doubt that *respondeat superior* allegations are necessary here. With regard to the sexual harassment claim, vicarious employer liability is inherent in such a claim where the alleged harasser is an employee's supervisor. *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998). With regard to the outrageous conduct and negligence claims, these claims attack Baxa's own conduct, not its vicarious liability for

Accordingly, to the extent that the *respondeat superior* allegations purport to be a stand alone "claim," such "claim" is dismissed under Rule 12(b)(6).

The identification of a "claim" for constructive discharge is also flawed. The doctrine of constructive discharge arises when an employer allows unlawful discrimination or harassment to rise to such a level that a reasonable employee would have no choice but to elect to resign, rather than continue to endure it. *Narotzky v. Natrona County Memorial Hosp.*, 610 F.3d 558, 565 (10th Cir. 2010). If the requisite elements of constructive discharge are demonstrated, the Court indulges in the legal fiction that the employee's voluntary resignation was, in actuality, involuntary termination of the employee's employment by the employer. *But see Pennsylvania State Police v. Suders*, 542 U.S. 129, 143-49 (2004) (constructive discharge allegation in sex harassment case allows employer to assert *Farragher/Ellereth* affirmative defense, as a constructive discharge is not an actual affirmative action committed by employer). This fiction can satisfy the element of an adverse employment action in a substantive claim, but it does not constitute a claim by itself. Thus, like doctrine of *respondeat superior*, constructive discharge is not a standalone "claim."

Again, this is not to say that Ms. Baker's allegations of constructive discharge are completely irrelevant to this case. The Supreme Court's decision in *Suders* explains that sexual harassment that is so severe that it causes the victim to resign rather than endure it is "functionally the same as an actual termination in damages-enhancing respects." Thus, the

---

someone else's wrongdoing. *Baker v. Weyerhauser Co.*, 903 F.2d 1342, 1347 (10th Cir. 1990). As for the assault claim, this Court has doubts that such a claim against Baxa for intentional torts committed against Ms. Baker while in the scope of her employment will survive the exclusive remedy provided by the Worker's Compensation scheme. *Kandt v. Evans*, 645 P.2d 1300, 1304 (Colo. 1982); *Stuart v. Frederick R. Ross Inv. Co.*, 773 P.2d 1107, 1109-10 (Colo. App. 1998).

constructive discharge assertions, although not constituting a separate "claim" for relief, are nevertheless germane to Ms. Baker's request for damages. They are subject to dismissal under Rule 12(b)(6) only insofar as they purport to be discrete "claims."

For the foregoing reasons, Baxa's Motion to Dismiss **(# 17)** is **GRANTED**, and Ms. Baker's independent "claims" for "respondeat superior" and "constructive discharge" are **DISMISSED**. However, these theories may be asserted in this action for other purposes.

Dated this 11th day of February, 2011

BY THE COURT:

_____

Marcia S. Krieger
United States District Judge